# Capell Barnett Matalon & Schoenfeld LLP
ATTORNEYS AT LAW

1385 Broadway, 12th Floor
New York, New York 10018
Phone: (212) 661-1144
Fax: (646) 589-0098

487 Jericho Turnpike
Syosset, New York 11791
Phone: (516) 931-8100
Fax: (516) 931-8101

www.cbmslaw.com

September 21, 2022

**VIA ECF**

United States District Court
Southern District of New York
Honorable John P. Cronan
500 Pearl St., Room 1320
New York, NY 10007

**Re:**   *Vekaria v. MThree Corporate Consulting, Ltd. et al.*
Case Number: 1:22-cv-03197-JPC-JLC

Letter Motion to Extend Time for Service and Allow Alternative Means of Service to Serve MThree Individual Defendants

Dear Judge Cronan,

Plaintiff hereby requests an extension of time and the Court's permission to use alternative means to serve three of the individual defendants in this case: Alex Headley, Benjamin Town, and Thomas Seymour (the "MThree Individual Defendants"). Each of them is believed to reside and work in the United Kingdom for Defendants MThree Corporate Consulting, Ltd.("MThree") and/or John Wiley & Sons, Inc. ("Wiley").

Plaintiff requests, pursuant to FRCP 4(f)(3) – which allows for services on foreign parties "by other means not prohibited by international agreement, as the court orders" – to serve the Defendants (a) by leaving the documents with the individuals' receptionist at their place of business; and (b) via their email addresses and/or via messaging them through their LinkedIn accounts.

Outside of my previous letter motion to the Court seeking an extension of service (ECF Doc No. 34), we have engaged in further efforts to locate the individual defendants in the United Kingdom and seek to serve them. This has entailed two recent attempts:

1. On Friday, August 26, 2022, the process server went to the MThree Individual Defendants' office, which he confirmed from the office's security guard that each of the MThree Individual Defendants worked there. The security guard also informed

   the process server that the MThree Individual Defendants were not in the office that day and the remaining office staff was out to lunch.

2. Another attempt was made on Tuesday, August 30, 2022. The process server went back to MThree Individual Defendants' office. While there, he spoke with the office's receptionist, who informed him that the MThree Individual Defendants were not in the office that day.

  Each time the process server has attempted to serve these Defendants personally, they have been unavailable. Previously, I had contacted Kevin Kim, Esq., by email, who is counsel of record for MThree and Wiley, asking for his help and assistance to coordinate service of the MThree Individual Defendants at Wiley's office in London at a convenient time. I did not hear back from Mr. Kim to do this efficiently. However, there is little doubt that the MThree Individual Defendants are aware of this lawsuit, but appear to be evading service.

  As a result, Plaintiff asks the Court to allow these three individuals to be served by leaving the documents with the office's receptionist in London, followed by emailing them to the Defendants' last known email addresses and/or messaging them via their LinkedIn accounts. It is in our client's sincere interest to serve them as soon as possible and secure their participation to allow the case to proceed promptly.

  We respectfully request the Court to allow service through these alternative means.

  I thank the Court and Your Honor for your courtesies.

            Respectfully submitted,

            Travis Tatko

To aid in the Court's consideration of this request, Plaintiff shall submit a letter containing supplemental briefing by September 30, 2022. That briefing should explain why the methods of alternative service proposed in Plaintiff's request meet the standard for a Rule 4(f)(3) request set forth in *Stream SICAV v. Wang*, 989 F. Supp. 2d 264 (S.D.N.Y. 2013), under which the method of service must "(1) . . . not [be] prohibited by international agreement; and (2) comport[] with constitutional notions of due process." *Id.* at 278. In addition, that briefing should state whether Plaintiff has considered attempting to serve the defendants through any of the other methods authorized by Rule 4(f)(1) or 4(f)(2) and, if so, shall explain why Plaintiff has chosen not to employ those methods or has found them unavailing.

SO ORDERED.
Date: September 23, 2022
New York, New York

            _____
            JOHN P. CRONAN
            United States District Judge