

# WILEY

**Kevin Kim**
Senior Counsel - Litigation

T: +1 201 748 5809
F: +1 201 748 6500
E: kkim2@wiley.com

October 3, 2022

**Via ECF**

The Honorable John P. Cronan
United States District Court Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

> RE:   *Jitendra Vekaria v. Mthree Corporate Consulting, Ltd. et al.*
>       <u>**Case No. 22-cv-03197-JPC**</u>

Dear Judge Cronan,

I'm writing on behalf of Defendant Mthree Corporate Consulting, Ltd. ("Mthree") in response to Plaintiff Jitendra Vekaria's Supplemental Letter Brief filed on September 30, 2022 (the "Supplemental Brief"). Vekaria seeks to impose an obligation on Mthree to deliver the documents he is attempting to serve on a former Mthree Employee with whom it no longer has any relationship. He is effectively asking the Court to designate Mthree as his process server to complete service on Headley. Accordingly, it is important that Mthree respond and correct misstatements made in Vekaria's Supplemental Brief.[1]

In its letter filed on September 21, 2022, Mthree advised that Defendant Alex Headley has not worked for Mthree since 2020, and that Vekaria would need to serve him at a different location. Incredibly, Vekaria now accuses Mthree of misrepresenting its relationship (the lack thereof) with Headley. "[I]t appears that Mr. Headley is still connected to and affiliated with Mthree based on publicly available information, as his LinkedIn profile states that he is still the CEO of Mthree and prominently features an Mthree logo and graphic, and he appears to still have a valid Mthree email address." Dkt. No. 43, n.4.

---

[1] Vekaria suggests that Mthree does not have "standing" to oppose his motion. Setting aside that Vekaria's motion imposes a burden on Mthree to complete service on a non-employee, the court in *Stream SICAV v. Wang* recognized arguments from the defendant employer (who did not represent the individual defendant employee), opposing a similar motion. 989 F. Supp. 2d 264, 278 (S.D.N.Y. 2013).

111 River Street, Hoboken, NJ 07030-5774, U.S.
T +1 201 748 5809
F +1 201 748 6500
www.wiley.com



**Kevin Kim**
Senior Counsel - Litigation

T: +1 201 748 5809
F: +1 201 748 6500
E: kkim2@wiley.com

As an initial matter, Mthree does not operate Headley's LinkedIn account, nor can it update his LinkedIn profile.  The fact that Headley has not yet updated it does not in any way suggest that he "is still connected to and affiliated with Mthree."  It is common for individuals to not regularly update their personally maintained LinkedIn pages.  Indeed, Vekaria's counsel's LinkedIn page does not reflect any affiliation with the law firm on whose letterhead he filed the Supplemental Brief.[2]

Vekaria offers no support for his claim that Headley "appears to still have a valid Mthree email address."  Regardless, this is simply not true.  Headley no longer has access to an Mthree email address and any attempt to email his service papers at that address will fail to reach him.

Moreover, Vekaria has not met the burden to justify alternative service under Rule 4(f)(3).  "[I]n evaluating whether alternative service is necessitated, courts in [the Second] Circuit have generally required: (1) a showing that plaintiff has ***reasonably attempted*** to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary."  *Stream SICAV*, 989 F. Supp. 2d at 278 (emphasis added) (internal citations and quotation marks omitted).

In his first request for an extension of time to complete service, Vekaria said he could not locate Headley's whereabouts "based on traditional methods," and that more time was necessary so he could "take further, more extensive efforts to locate them, which may entail the use of a professional investigator in the United Kingdom."  Dkt. No. 32.  But based on the Supplemental Brief, it appears that these "extensive efforts" consisted of nothing more than a search on LinkedIn.[3]

Vekaria also suggests throughout the Supplemental Brief that he has attempted service "multiple times."  But by his own admission, "multiple times" means "twice," on the Friday before and the

---

[2] https://www.linkedin.com/in/travis-tatko-308a23200/, attached hereto as Exhibit 1.
[3] Vekaria again mischaracterizes his attorney's August 17, 2022 email to me.  Mr. Tatko did not suggest my assistance was necessary for him to complete service.  He only said he was seeking coordination for "convenience" and "optics."  He stated, "I know that you are not representing them individually, but I am mindful of optics and minimizing distraction for all of us.  To that end, if you would like to coordinate a convenient time for the process server to meet and serve these gentlemen in the coming days, I think this could be most efficient for everyone.  Just let me know your thoughts by tomorrow if you would like to coordinate this."  Mr. Tatko received my out of office response and did not follow up with my colleague identified in that message.  He was free to proceed with service without regard to "optics" or "convenience" to Mthree.



**Kevin Kim**
Senior Counsel - Litigation

T: +1 201 748 5809
F: +1 201 748 6500
E: kkim2@wiley.com

Tuesday after the United Kingdom's Bank Holiday on August 29, 2022.  Dkt. No. 36 at 6.  It was reasonably foreseeable that many employees would be absent the day before and the day after the last summer holiday weekend of the year.

In his last request for an extension, Vekaria suggested more time was needed "to continue our efforts to effectuate service . . . ."  Dkt. No. 34 at 2.  But Vekaria has not made a single attempt at service or any other attempt to locate the Individual Defendants since the Court granted this extension on August 30, 2022.  Instead, it appears he simply waited three weeks before making this motion to permit an alternative means of service.  The fact that Vekaria sat idly for three weeks without any further action underscores that he is "whimsically seeking alternate means of service" without meeting his burden to reasonably attempt service through Rule 4(f)(1) or (2).  *Jian Zhang v. Baidu.com Inc.*, 293 F.R.D. 508, 512 n.1 (S.D.N.Y. 2013).[4]

Vekaria also claims that he should not be required to use the United Kingdom's Central Service of Process, as it could delay the case "many more months."  But had he gone through Central Service of Process when he filed the lawsuit on April 19, 2022, he likely would have achieved service by now.

Sincerely,

/s/ Kevin H. Kim

Kevin H. Kim

Senior Counsel - Litigation

---

[4] For these same reasons, the Court should reject Vekaria's motion with respect to Defendants Benjamin Town and Thomas Seymour.

# EXHIBIT 1





🔍 Travis Tatko



•••

# Travis Tatko

## Managing Attorney at Tatko Law Firm, PLLC

New York City Metropolitan Area

11 connections

**Join to connect**

 **Tatko Law Firm, PLLC**

# Experience