**Capell Barnett Matalon & Schoenfeld LLP**
ATTORNEYS AT LAW

1385 Broadway, 12th Floor
New York, New York 10018
Phone: (212) 661-1144
Fax: (646) 589-0098

487 Jericho Turnpike
Syosset, New York 11791
Phone: (516) 931-8100
Fax: (516) 931-8101

www.cbmslaw.com

October 4, 2022

**VIA ECF**

United States District Court
Southern District of New York
Honorable John P. Cronan
500 Pearl St., Room 1320
New York, NY 10007

**Re:**   *Vekaria v. MThree Corporate Consulting, Ltd. et al.*
Case Number: 1:22-cv-03197-JPC-JLC

Reply to Letter Response filed by Kevin Kim, Esq., for Alternative Means of Service to Serve MThree Individual Defendants

Dear Judge Cronan,

It gives me no pleasure to provide this reply in response to the letter filed by Mr. Kim yesterday, but a brief response is warranted here.

We have made a straightforward request to serve the individual defendants yet to be served in this case by alternative methods. For the many reasons explained in the supplemental briefing filed on September 30, 2022 (ECF Doc No. 43), we are confident that we have satisfied the standard for a Rule 4(f)(3) request to serve them via email and LinkedIn, and by leaving the summons and complaint with the receptionist at Wiley's office in London. We have also offered to notify them via their last-known cell phone numbers, if it pleases the Court.

Mr. Kim is corporate counsel to Wiley and MThree. This is now the second letter that Mr. Kim has submitted to the Court "opposing" alternative service – even though he is not representing the individual defendants Alex Headley, Benjamin Town, and Thomas Seymour (the "MThree Individual Defendants"), only Wiley and MThree. Mr. Kim has refused to accept service for them, and he has done nothing to assist with coordinating service on Messrs. Town and Seymour, even though they are acknowledged to work for Mr. Kim's client, Wiley, in London. Instead, amazingly, Wiley is fighting our efforts to serve them. Indeed, it stands to reason that, if we had some minimal cooperation on Wiley's part, through Mr. Kim, Messrs.

Town and Seymour would have been served by now at Wiley's office in London.  Regrettably, this is demonstrative of an overall pattern in which Wiley has engaged with my client to date, inclusive of denying and failing to compensate Mr. Kim for his equity in MThree.

This is an unfortunate and wasteful distraction of the Court's time and resources.  To that end, we are not going to respond point by point to Mr. Kim's most recent letter, which only creates more paper and does nothing to change the fact that alternative means of service are proper here.  We want to move this case forward and serve the remaining defendants, which should be in everyone's interest.  We respectfully ask the Court to allow us to do so by alternative methods for the many good reasons that we have set forth.

I thank the Court and Your Honor for your consideration of this matter.

Respectfully submitted,

Travis Tatko