

faegredrinker.com

**Clay J. Pierce**
Partner
clay.pierce@faegredrinker.com
+1 212 248 3186 direct

**Faegre Drinker Biddle & Reath** LLP
1177 Avenue of the Americas, 41st Floor
New York, New York  10036
+1 212 248 3140 main
+1 212 248 3141 fax

October 31, 2022

**Via ECF**

Hon. John P. Cronan, U.S.D.J.
United States District Court
for the Southern District of New York
500 Pearl Street, Room 1320
New York, New York  10007

   Re: *Jitendra Vekaria v. MThree Corporate Consulting, Ltd., et al.,*
      *Case No. 1:22-cv-03197-JPC-JLC*

Dear Judge Cronan:

  This firm has been retained by Defendant Richard Chapman in the above-referenced matter.  We write to respectfully request that the Court extend to November 30, 2022 the deadline for Mr. Chapman to respond to Plaintiff's Complaint.  Plaintiff consents to the requested extension.

  Mr. Chapman's request arises from questions concerning Plaintiff's purported service of the Summons and Complaint on Mr. Chapman in England.  As set forth in the Affidavit of Service filed by Plaintiff on September 6, 2022, a process server hand delivered a copy of the Summons and Complaint to Mr. Chapman in London on August 25, 2022.  *See* ECF No. 37.  Had service been effective, Mr. Chapman would have been required to respond to the Complaint by September 15, 2022.  Mr. Chapman subsequently conferred with counsel in England, however, who advised that service may have been ineffective under both the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention") and English law because the process server was not acting on the instruction of a solicitor.

  Article 10(b)-(c) of the Hauge Convention states that, "[p]rovided the State of destination does not object, the present Convention shall not interfere with . . . the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or ***other competent persons of the State of destination***."[1]  The United Kingdom has filed a declaration pursuant to Article 10 of Convention confirming that direct service outside "official channels" is permissible when effectuated "through a ***competent person*** other than a judicial officer, e.g., ***a solicitor***."[2]  We understand that certain commentaries to the foregoing materials cast significant doubt as to whether process servers who are not acting

---

[1] https://assets.hcch.net/docs/f4520725-8cbd-4c71-b402-5aae1994d14c.pdf (emphasis added).
[2] *Id*. (emphasis added).

Hon. John P. Cronan, U.S.D.J. - 2 - October 31, 2022

pursuant to the instruction of an English solicitor (such as the individual who served Mr. Chapman) should be considered "competent persons" under English law. *See The White Book Service 2002: Civil Procedure Volume 1*, Rule 6.52.1 and following.

Following my retention by Mr. Chapman, I contacted Plaintiff's counsel to discuss the foregoing service issues (which we are aware the Court addressed in its Order dated October 11, 2022 (ECF No. 46)) and the merits of Plaintiff's claims. Plaintiff maintains service on Mr. Chapman was effective. Rather than litigate the service of process issue, Mr. Chapman has instead agreed not to contest service, and Plaintiff has agreed to extend Mr. Chapman's time to respond to the Complaint to November 30, 2022. This is the first request by Mr. Chapman to extend the relevant deadline.

We appreciate the Court's consideration of this request.

Respectfully submitted,

*/s/ Clay J. Pierce*

Clay J. Pierce

cc: All Counsel of Record (Via ECF)

The request is granted. Defendant Richard Chapman shall answer or otherwise respond to the Complaint by November 30, 2022

SO ORDERED
Date: November 1, 2022
New York, New York

_____
JOHN P. CRONAN
United States District Judge