


*faegredrinker.com*

**Clay J. Pierce**
Partner
clay.pierce@faegredrinker.com
+1 212 248 3186 direct

Faegre Drinker Biddle & Reath LLP
1177 Avenue of the Americas, 41st Floor
New York, New York  10036
+1 212 248 3140 main
+1 212 248 3141 fax

November 30, 2022

**Via ECF**

Hon. John P. Cronan, U.S.D.J.
United States District Court
for the Southern District of New York
500 Pearl Street, Room 1320
New York, New York 10007

> *Re:* *Jitendra Vekarai v. MThree Corporate Consulting, Ltd., et al.*,
> Case No. 1:22-cv-03197-JPC-JLC

Dear Judge Cronan:

      We represent Defendant Richard Chapman in the above-referenced matter.  Pursuant to Section 6(A) of Your Honor's Individual Rules & Practices in Civil Cases, we write to notify the Court of Mr. Chapman's intent to file a motion to dismiss all claims against him pursuant to Fed. R. Civ. P. 12(b)(6).  In light of the upcoming holidays, Mr. Chapman proposes to file his motion on January 13, 2023, with Plaintiff's opposition due on March 2, 2023 and Mr. Chapman's reply due on March 22, 2023.

      Plaintiff alleges that his former employer, Defendant MThree Corporate Consulting, Ltd. ("MThree"), promised him an immediate 1% equity interest in MThree and an additional 2% to vest at a later date as part of his employment contract.  Plaintiff claims not to have received the stock, and as a result was not compensated for the promised shares when MThree was acquired by Defendant John Wiley & Sons, Inc. ("Wiley").  Instead, he received a transaction bonus.

      Mr. Chapman is a partner in non-party ECI Partners LLP, which held a minority interest in MThree prior to Wiley's acquisition.[1]  Plaintiff asserts seven claims against Mr. Chapman: (1) unpaid wages under New York Labor Law (Count III); (2) unlawful deductions under New York Labor Law (Count IV); (3) fraudulent inducement (Count V); (4) negligent misrepresentation (Count VI); (5) violations of the Securities Exchange Act and Rule 10b-5 (Count VII); (6) interference with contractual relations (Count VIII); and (7) conversion (Count IX).  Plaintiff also brings a claim for declaratory judgment (Count X).  None of these claims state a valid cause of action under New York law.

---

[1] Plaintiff erroneously named ECI Partners LLC as a defendant, which is a New York limited liability company with no affiliation whatsoever with ECI Partners LLP.  We understand that Plaintiff's counsel is aware of this error and intends to move to amend the caption to name the correct legal entity.  ECI Partners LLP has not been served with the Complaint.

**I.       Most of Plaintiff's Claims are Duplicative of the Breach of Contract Claim Against MThree.**

First, several of the claims alleged against Mr. Chapman duplicate Plaintiff's breach of contract claim against MThree. Plaintiff has alleged MThree breached his employment agreement by failing to issue him stock. MThree has not moved to dismiss that claim. Plaintiff's claims against Mr. Chapman for fraudulent inducement (Count V), negligent misrepresentation (Count VI), conversion (Count IX), and the declaratory judgment claim (Count X) all are based on the same allegations underlying the breach of contract claim. Because the claims are thus duplicative, the Court should dismiss them. *See*, *e.g.*, *Clifton v. Vista Computer Servs., LLC*, 2002 WL 1585550, at *2 (S.D.N.Y. July 16, 2002) (dismissing fraudulent inducement claim as duplicative of breach of contract); *MVP Health Plan, Inc. v. OptumInsight, Inc.*, 765 Fed. Appx. 615, 617 (2d Cir. 2019) (negligent misrepresentation duplicative of contract claim); *Command Cinema Corp. v. VCA Labs, Inc.*, 464 F. Supp. 2d 191, 199 (S.D.N.Y. 2006) (conversion claim duplicative of breach of contract); *Lim v. Radish Media, Inc.*, 2022 WL 2292768, at *6 (S.D.N.Y. June 24, 2022) (declaratory judgment duplicative of breach of contract).[2]

**II.      Mr. Chapman was Never Plaintiff's "Employer," and the Shares Allegedly Promised to him are Not "Wages."**

Plaintiff's employment law claims (Counts III & IV) fail because: (i) Mr. Chapman was never Plaintiff's employer (nor is he alleged to have been); and (ii) the shares promised to Plaintiff do not constitute "wages" under the New York Labor Law. Only employers may be sued for violating New York's employment law. *Alvarado v. GC Dealer Servs. Inc.*, 511 F. Supp. 3d 321, 354 (E.D.N.Y. 2021) (only an employer liable under FLSA); *see also Sethi v. Narod*, 974 F. Supp. 2d 162, 188-89 (E.D.N.Y. 2013) (NYLL interpreted coextensively with FLSA). Here, Plaintiff concedes he was "was hired by MThree," and does not allege any employment relationship with Mr. Chapman. Compl. ¶¶ 1, 22-23, 59. Plaintiff's apparent basis for holding Mr. Chapman liable as an employer is that he allegedly was "among the ten largest shareholders of MThree[.]" *Id.* ¶ 60. But being a shareholder does not render one an "employer" that can be liable under the New York Labor Law. *Coley v. Vannguard Urban Imp. Ass'n, Inc.*, 2014 WL 4793825 (E.D.N.Y. Sept. 14, 2014).

Plaintiffs' claims fail for the additional reason that stock rights are not "wages" under New York Labor Law. New York courts have held that equity-based compensation does not constitute "wages." *Lerner v. Credit Suisse Sec. (USA) LLC*, 193 A.D.3d 649, 649 (1st Dep't 2021); *Guiry v. Goldman, Sachs & Co.*, 31 A.D.3d 70, 74 (1st Dep't 2006).

**III.     Plaintiff Lacks a Special Relationship with Mr. Chapman.**

Plaintiff has not alleged an actionable claim for negligent misrepresentation (Count VI) against Mr. Chapman because, based on Plaintiff's allegation, no special relationship exists

---

[2] The fraudulent inducement claim fails for the additional reason that Plaintiff fails to plead it with the particularity required by Rule 9(b). The conversion claim fails for the additional reason that Plaintiff fails to allege he ever owned the MThree shares.

Hon. John P. Cronan, U.S.D.J. - 3 - November 30, 2022

between Plaintiff and Mr. Chapman—the core requirement for the claim under New York law. Plaintiff alleges that Mr. Chapman had a "duty" to provide accurate information "[d]ue to [his] involvement in offering securities . . . as a vehicle to solicit [Plaintiff's] employment." Compl. ¶ 80. Courts have ruled, however, that neither an employment relationship nor a sale of securities gives rise to a special relationship. *See Kwon v. Yun*, 606 F. Supp. 2d 344, 356 (S.D.N.Y. 2009) (offering stock as part of employment does not create special relationship); *Cohen v. Avanade*, 874 F. Supp. 2d 315, 328 (S.D.N.Y. 2009) (employer-employee not a special relationship).

### IV. Plaintiff's Securities Fraud Claim Fails on Multiple Grounds.

Plaintiff's securities fraud claim (Count VII) fails for three, independent reasons. *First*, the claim is untimely. A securities fraud claim must be brought within two years from the time Plaintiff could have discovered the facts constituting the claim. *Merck & Co., Inc. v. Reynolds*, 559 U.S. 633, 653 (2010). Plaintiff's allegations are that he failed to receive compensation for his MThree stock when it was acquired by Wiley on January 1, 2020. Compl. ¶¶ 3-4. But Plaintiff did not file the Complaint until April 19, 2022.

*Second*, Plaintiff is not a "purchaser" of stock. A claim for securities fraud must concern fraud "in connection" with the purchase or sale of a security." *Lankau v. Luxoft Holdings, Inc.*, 266 F. Supp. 3d 666, 678 (S.D.N.Y. 2017). Plaintiff does not allege that he purchased or sold a security. Rather, Plaintiff alleges he was promised MThree stock as an inducement to accept employment with MThree. New York courts have held that the failure to grant equity is neither the purchase nor sale of equity and therefore cannot be the basis of a securities claim. *Id.* at 679.

*Third*, as with the fraud claim, Plaintiff has failed to plead his securities claim with the particularity required by Rule 9(b), or the Private Securities Litigation Reform Act.

### VI. Plaintiff's Tortious Interference Claim Fails under the Economic Interest Defense.

Plaintiff's tortious interference claim (Count VIII) fails because Mr. Chapman is protected by the economic interest defense, and Plaintiff has failed to overcome the defense by sufficiently alleging Mr. Chapman acted with the requisite malice. *See Don King Productions, Inc. v. Smith*, 47 Fed. App'x 12, 15 (2d Cir. 2002). Plaintiff admits that Mr. Chapman was economically motivated due to the profit he supposedly would receive from the sale of MThree. *See* Compl. ¶¶ 2, 37, 29, 101. Because Plaintiff alleges that Mr. Chapman's actions were motivated by financial gain, he cannot under any circumstances satisfy the "malice" requirement for a tortious interference claim. *Ruha v. Guior*, 277 A.D.2d 116 (1st Dep't 2000).

We are available at the Court's convenience to address the foregoing issues.

Respectfully submitted,

*/s/Clay J. Pierce*

Clay J. Pierce

cc: All Counsel of Record (via ECF)