

**Kevin Kim**
Senior Counsel - Litigation

T: +1 201 748 5809
F: +1 201 748 6500
E: kkim2@wiley.com

November 30, 2022

**Via ECF**

The Honorable John P. Cronan
United States District Court Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

   RE: *Jitendra Vekaria v. Mthree Corporate Consulting, Ltd. et al.*
      <u>**Case No. 22-cv-03197-JPC**</u>

Dear Judge Cronan,

  I represent Defendant Thomas Seymour ("Seymour") in the above-referenced matter.[1]  I write in accordance with Sec. 6.A of Your Honor's *Individual Rules & Practices in Civil Cases* to notify the Court of Mr. Seymour's intent to file a Motion to Dismiss pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.  Below is a summary of the basis for the Motion to Dismiss, as well as a proposed briefing schedule.

**Summary of Motion to Dismiss**

*Counts Three and Four - New York Labor Law Claims*

  Seymour will join the arguments for dismissal of Counts Three and Four made by Defendants Mthree and Wiley in their Partial Motion to Dismiss.  Moreover, Seymour will move to dismiss the Labor Law claims because he is not an "employer" under New York Labor Law. Vekaria does not and cannot allege that Seymour was his manager or that Seymour had control over his employment or his wages.

---

[1] As Mr. Vekaria's counsel has noted, I previously indicated to him that I was not representing Mr. Seymour.  This was true.  Wiley and Mthree were still in the process of evaluating Plaintiff's claims against Mr. Seymour and whether he would necessarily be adverse to Wiley and Mthree.  I did not engage with or even meet Mr. Seymour until after Mr. Vekaria delivered his papers to Mthree's offices in London.  It remains the case that I am not representing the other individual Mthree defendants, Alex Headley and Benjamin Town.

*Count Five - Fraudulent Misrepresentation*

Vekaria alleges in the alternative to his breach of contract claim against Mthree that Seymour and other defendants fraudulently induced him to leave his previous employment and become an employee of Mthree with the promise of equity in Mthree.  Seymour will move to dismiss this claim because Vekaria has failed to meet the pleading standards under Federal Rule of Civil Procedure 9(b), and has otherwise failed to allege that Seymour made a misrepresentation of fact.  *Quintana v. B. Braun Medical*, No. 17-cv-06614 (ALC), 2018 WL 3559091, at *7 (S.D.N.Y. July 4, 2018).

*Count Six - Negligent Misrepresentation*

Vekaria similarly alleges in the alternative to the breach of contract claim that Seymour negligently misrepresented his entitlement to equity, causing him to suffer damages.  Seymour will move to dismiss this claim because Vekaria has not pled the claim with requisite particularity.

Vekaria also fails to allege that Seymour had a "special relationship" with Vekaria, such that he had a duty of disclosure to Vekaria.  Nor does he allege that Seymour knew or should have known at the time of the negotiations that Mthree would not ultimately grant him equity. *Amusement Indus., Inc. v. Stern*, 786 F. Supp. 2d 758, 778 (S.D.N.Y. 2011).

*Count Seven - Securities Exchange Act Claim*

Seymour will join the arguments for dismissal of Count Seven made by Defendants Mthree and Wiley.  Seymour will also move to dismiss this claim because Vekaria fails to plead his claims with the requisite level of particularity.  At most, Vekaria alleges that Seymour helped prepare his employment agreement at the instruction of another defendant and participated in a meeting after he was allegedly denied his equity.  Moreover, Vekaria fails to allege any facts giving rise to a strong inference of fraudulent intent by Seymour.  *In re Citigroup, Inc. Sec. Litig.*, 330 F. Supp. 2d 367, 381 (S.D.N.Y. 2004).

*Count Eight - Interference with Contractual Relations*

Seymour will move to dismiss the claim that he tortiously interfered with the employment agreement because Vekaria fails to allege that Seymour procured the breach of his employment agreement with Mthree.  Vekaria only claims that Seymour was involved before he entered into the employment agreement and after he was denied his equity in Mthree, *i.e.*, after the alleged breach occurred.  Vekaria fails to allege what actions, if any, Seymour took to procure the alleged breach of that agreement.  Moreover, Vekaria fails to allege that Seymour was a "third party" that tortiously interfered with the employment agreement.  Seymour is an

employee of Mthree, and as such, Vekaria is required to plead that Seymour acted outside of the bounds of his authority.[2]

Vekaria does not allege that Seymour had an independent legal duty to him beyond that arising from his employment agreement.  Accordingly, his claim is duplicative of the breach of contract claim and must be dismissed.  *Frankel v. U.S. Healthcare, Inc.*, No. 18 Civ. 06378 (ER), 2019 WL 4450640, at *6 (S.D.N.Y. Sept. 17, 2019).

*Count Nine – Conversion*

Seymour will join the arguments for dismissal of Count Nine made by Defendants Mthree and Wiley.  Seymour will also move to dismiss the conversion claim because Vekaria never had ownership, possession, or control of equity in Mthree.  Vekaria also fails to allege that Seymour played a role in the alleged conversion.  *Segal v. Bitar*, No. 11 Civ. 4521(LBS), 2012 WL 273609, at *9 (S.D.N.Y. Jan. 30, 2012).

*Dismissal for Lack of Personal Jurisdiction*

Pursuant to Rule 12(b)(2), Seymour will move to dismiss the claims against him because Vekaria has failed to make a prima facie showing of personal jurisdiction.  Neither CPLR 302(a)(1) nor 302(a)(3) (New York's long-arm statute) support the court's exercise of jurisdiction over Seymour.  Vekaria has failed to plead that Seymour "transacts business" in New York for purposes of 302(a)(1).  He has likewise failed to plead that Seymour regularly does business in New York or that he otherwise "derives substantial revenue" from activities occurring in New York, for purposes of 302(a)(3).

Moreover, the exercise of jurisdiction over Seymour would not comport with due process under the Fourteenth Amendment.  Seymour plainly lacks minimum contacts with New York, such that the maintenance of the action against him would offend notions of fair play and substantial justice.[3]

**Proposed Briefing Schedule**

Seymour Motion to Dismiss – January 13, 2023

Vekaria Response in Opposition to Motion to Dismiss – February 10, 2023

Seymour Reply in Support of Motion to Dismiss – March 3, 2023

---

[2] To the extent Vekaria alleges that Seymour was economically motivated to interfere with his employment agreement, he fails to also allege that Seymour acted with malice.  *Ruha v. Guior*, 277 A.D.2d 116 (1st Dep't 2000).
[3] At a minimum, it will become plainly evident in discovery that Seymour should not have been named as a defendant.  Seymour was not a party to the agreement between Wiley and the Mthree shareholders.  Vekaria named Seymour as a defendant, presumably based on nothing more than speculation.  If Vekaria proceeds to bring these claims against him, he will do so knowingly wasting the time and resources of both the parties and the Court.

Sincerely,

Kevin H. Kim
Senior Counsel - Litigation

111 River Street, Hoboken, NJ 07030-5774, U.S.
T +1 201 748 5809
F +1 201 748 6500
www.wiley.com