UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
JITENDRA VEKARIA,                                                      :
                                                                       :
                              Plaintiff,                               :
                                                                       :
               -v-                                                     :        22 Civ. 3197 (JPC) (HJR)
                                                                       :
MTHREE CORPORATE CONSULTING, LTD.,                                     :                ORDER
                                                                       :
                              Defendant.                               :
                                                                       :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      On July 25, 2024, Plaintiff Jitendra Vekaria moved the Court to impose sanctions against Defendant Mthree Corporate Consulting, Ltd. ("Mthree") relating to representations made by Mthree concerning the employment status of its Chief Executive Officer ("CEO"), Alex Headley. Dkt. 109 ("Motion"). Specifically, Vekaria alleges that Mthree misrepresented and/or failed to disclose the fact that Headley, a former defendant in this action, served as Mthree's CEO at certain times while this case was pending. *Id.* at 2. According to Vekaria, Mthree's alleged misstatements, made in letters filed in September and October 2022, misled the Court into declining to allow him to effect service on Headley at Mthree's London office or through Headley's Mthree corporate email address, leading Vekaria to incur $24,954.66 in fees and $1,536.39 in costs relating to his efforts to serve Headley through other means. *Id.* at 3; *see* Dkt. 46 at 6 (October 11, 2022 Order declining to allow Vekaria to effect service on Headley through alternative means Vekaria proposed based in part on Mthree's representation that it no longer employed Headley). Vekaria seeks to recover those amounts in the form of monetary sanctions against Mthree. Motion at 3.

      While not entirely clear, Vekaria appears to seek sanctions under Federal Rule of Civil Procedure 11(b). *See id.* at 2 (referring to "a noticed motion under FRCP 11(b)"). Rule 11(b)

provides that in submitting papers to the court an attorney certifies, among other things, that the material "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; that any "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery"; and that any "denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." Fed. R. Civ. P. 11(b)(1), (b)(3), (b)(4). "Under Rule 11(c), a court has the authority to sanction a party if it determines that the party has made false, misleading, improper, or frivolous representations to the court in violation of Rule 11(b)." *Adams v. Taylor*, 643 F. Supp. 3d 392, 395 (W.D.N.Y. 2022) (internal quotation marks omitted).

Vekaria's request for Rule 11 sanctions must be denied because he fails to identify any filings made by Mthree that contain false, misleading, or otherwise improper representations. In the challenged filings, made in September and October 2022, Mthree represented that Headley had not worked for Mthree since 2020 and was not then employed by Mthree. Dkts. 39, 44. On largely that basis, Mthree successfully opposed Vekaria's request for leave to serve Headley at Mthree's London headquarters and through Headley's corporate Mthree email. *See* Dkts. 44, 46. Then, on June 4, 2024, Vekaria filed a renewed motion for alternative service on Headley. Dkt. 105. On June 27, 2024, in response to that motion, the Court ordered Mthree to provide Vekaria with the latest contact information it had for Headley by July 3, 2024. Dkt. 107. Mthree did so, indicating that Headley had been rehired as Mthree's interim CEO following the company's recent acquisition by another entity, Inspirit. Dkt. 109-1.

Contrary to the implication of Vekaria's Motion, this timeline does not establish that Mthree made any false or misleading representations to the Court. For starters, Vekaria still has not provided any basis to question the accuracy of Mthree's representations that, as of September

2

and October 2022, Headley was not employed by the company. Instead, Mthree has consistently maintained that Headley left the company in 2020 and was not rehired until June 2024, after which Mthree, in response to the Court's June 27 Order, disclosed that fact to Vekaria and supplied Headley's corporate contact information. Dkt. 110 at 1-2. Vekaria has not identified anything in the Court's Orders requiring Mthree to keep him updated in real time regarding Headley's employment status or contact information, and even if the Court *had* ordered Mthree to do so, Vekaria has not identified when Mthree became obligated to make any supplemental disclosures or shown how Mthree's alleged silence caused him to incur undue expenses after any such date. Indeed, Mthree maintains that the earliest it could have disclosed that Headley was employed at the company and was using his Mthree email address would have been in June 2024, when Headley was rehired as interim CEO and was reassigned his Mthree email. *Id.* at 2, 4. And as noted, Mthree provided that information to Vekaria promptly in response to the Court's June 27, 2024 Order, enabling Vekaria to complete service on Headley soon thereafter. Dkt. 108.

For these reasons, Vekaria has not shown that Mthree made any false, misleading, or otherwise improper representations to the Court concerning Headley's employment status. Accordingly, the Court in its discretion does not find that sanctions against Mthree are appropriate and denies Vekaria's Motion under Rule 11.[1]

SO ORDERED.

Dated: April 29, 2025
       New York, New York

JOHN P. CRONAN
United States District Judge

---

[1] To the extent that Vekaria's Motion also implicitly invokes 28 U.S.C. § 1927 and/or the Court's inherent authority as a basis for relief, the Motion fails because in the absence of any false, misleading, or otherwise improper statements concerning Headley's employment status, Vekaria has failed to show that Mthree or its attorneys acted in bad faith. *See Rossbach v. Montefiore Med. Ctr.*, 81 F.4th 124, 143 (2d Cir. 2023) (explaining that as a general matter, a finding of bad faith is necessary to the imposition of sanctions under Section 1927 or as an exercise of a court's inherent authority).