UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

JITENDRA VEKARIA,

                Plaintiff,                      Case No. 1:22-cv-03197-JPC-HJR

        v.

MTHREE CORPORATE CONSULTING,
LTD.,

                Defendant.

  --------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  _5/8/2025_____

## STIPULATION AND PROTECTIVE ORDER

       IT IS HEREBY STIPULATED AND AGREED, by and among the parties hereto, through their undersigned counsel, that the following provisions of this Stipulation and Protective Order (the "Order") shall govern disclosure and use by the parties of all documents, testimony, exhibits, interrogatory answers, responses to requests to admit and any other materials and information disclosed or provided in the above-referenced action (the "Action").

       1.    Disclosure and discovery activity in this action may involve the production of confidential, proprietary, or private information for which special protection from public disclosure, as defined further herein, may be warranted, and as such agree to the following terms.

       2.    When used in this Order, the term:

       a.    **"Confidential Information"** shall mean all documents and testimony, and all information contained therein, containing:

       i.    Trade secrets or other confidential research, confidential development information, confidential financial information, confidential proprietary information, or

confidential commercial information that may be subject to a protective order under FRCP 26(c)(1)(G); or

        ii.    Confidential, non-public personal information that is protected from disclosure by statute, regulation or otherwise.

      b.  **"Disclosing Party"** shall refer to any party to this Action and any non-party disclosing or producing Confidential Information in connection with this Action.

      c.  **"Receiving Party"** shall refer to any party to this Action and any non-party that receives Confidential Information.

      d.  **"Discovery Material"** shall refer to all items or information produced or generated in disclosures or responses to discovery in this Action, regardless of the medium or manner in which it was stored, generated, or maintained.

      e.  **"Document"** shall have the same meaning as provided in Rule 34 of the Federal Rules of Civil Procedure and Local Civil Rule 26.3, and shall include, without limitation, all original, written, recorded, electronic, or graphic materials, and all copies, duplicates or abstracts thereof including, but not limited to, notes on documents including information contained therein or derived therefrom.

      f.  **"Information"** shall include individual documents and records (including associated metadata) whether on paper, film or other media, as discrete files stored electronically, optically, or magnetically, or as a record within a database, archive, or container file, including emails, messages, word processed documents, digital presentations, spreadsheets, and database content.

      3.    A Disclosing Party's designation of Discovery Material as Confidential Information constitutes a representation that such Discovery Material has been reviewed by counsel and that

there is a reasonable basis for such designation. Nothing herein permits the Disclosing Party to make blanket designations of confidentiality, but rather such marking must be specific to only those documents which satisfy the criteria set forth in § 2 herein.

4.    Unless otherwise ordered by the court or permitted in writing by the Disclosing Party, a Receiving Party may disclose Confidential Information only to:

a.    Counsel of record in this Action, as well as counsel's employees to whom it is reasonably necessary to disclose the information in connection with this Action;

b.    The named parties, including in-house counsel, officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action;

c.    Experts, consultants, or investigators including their staff who have signed the Acknowledgment attached hereto as Exhibit A;

d.    Outside photocopying, microfilming, or database service providers, trial support firms, graphic production services, litigation support services, and translators engaged by the parties during this Action to whom disclosure is reasonably necessary for this Action;

e.    The court, any court to which a party petitions for discovery of a non-party, any appellate court, necessary court personnel, and jurors;

f.    Court reporters and their staff, stenographers or video operators, professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this Action;

g.    During their depositions and deposition preparation, witnesses in the Action to whom disclosure is reasonably necessary and who signed the Acknowledgment attached hereto as Exhibit A (although such individuals shall not be permitted to retain any copies of confidential documents);

3

h.   Any mediator or arbitrator engaged by the named parties in connection with this Action;

i.   The author or recipient of a document containing the Confidential Information or a custodian or other person who otherwise possessed or knew the information; and

j.   Other persons only after notice to all parties and upon order of the Court, or upon written consent of the Disclosing Party.

5.   If either party later determines that an additional category of confidential information should be created to afford greater protection for documents they intend to produce that contain extremely sensitive information, whereby disclosure would create a substantial risk of serious harm that could not be avoided by less restrictive means, (e.g., "Highly Confidential")  then that party will provide notice to the receiving party and will draft a proposed amendment to this Stipulation and Protective Order.  The parties will then meet and confer within a reasonable amount of time after such notice, and will discuss whether the amendment should be submitted for the Court's consideration.

6.   Designation of documents or other material as containing Confidential Information as set forth in Paragraphs 4 of this Order may be made at or prior to the time of production of documents by stamping or otherwise affixing the legend "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" on each page deemed Confidential, in a manner that does not interfere with the legibility of the document. The Disclosing Party must limit designations of Confidential Information to only those parts of documents, testimony, or material that are clearly identified as containing Confidential Information. When Confidential Information is disclosed in a form not appropriate for such placing or affixing, such Confidential Information shall be designated as Confidential in writing at the time it is delivered to the Receiving Party.

7. A Disclosing Party may designate as Confidential any portion of a transcript and/or recording from a deposition or a transcript and/or recording from other pretrial or trial proceedings deemed to contain such material. The Disclosing Party shall advise the court reporter and counsel of record at the beginning and end of the testimony containing Confidential Information ("Confidential Testimony") either orally at the deposition or in writing no later than forty-five (45) calendar days after receipt from the court reporter of the final deposition transcript and/or recording. During such forty-five day period, the parties shall treat the entire transcript and/or recording as Confidential. The reporter shall mark "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" on the face of the transcript at the beginning and end of any portions of Confidential Testimony. Transcripts containing Confidential Testimony shall have an obvious legend on the title page that the transcript contains Confidential Information, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Confidential.

The failure to timely designate deposition testimony as Confidential Testimony waives any such designation unless otherwise ordered by the Court or agreed in writing by all parties.

The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER".

8. Each expert, advisor, consultant, fact witness, or potential fact witness who receives Confidential Information shall be shown a copy of this Order and be advised of its contents. Each such individual shall execute the written acknowledgement attached hereto as Exhibit A.

9. Any person or entity in possession of Confidential Information shall maintain those materials in a reasonably secure manner, and shall not reveal or discuss such information to or

with any person not entitled to receive it, so that the Confidential Information is not further disclosed or used in any manner inconsistent with this Order. The protections conferred by this Order cover not only the protected information itself, but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might disclose protected material to persons not authorized to receive such material.

10.    Nothing in this Order shall be construed as limiting a Disclosing Party's use of its own Confidential Information. If the Disclosing Party disseminates its own Confidential Information outside of the confines of this Order, such information shall no longer be subject to this Order. In addition, nothing in this Order shall prevent or in any way limit disclosure, use or dissemination of any Confidential Information that:

    a.   is or became public knowledge, not in breach of this Order;

    b.   was acquired by a party from a non-party having the right to disclose such information; or

    c.   was learned by a party as a result of that party's independent efforts, investigation, or inquiry.

    Notwithstanding this provision, the party seeking to impose confidentiality shall retain its burden in the first instance as set forth throughout this Protective Order. If the objecting party wishes to utilize the exceptions set forth in this Sec. 10, that party bears the burden of establishing said exception for the document(s) in question.

11.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Disclosing Party of the

6

unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the Acknowledgment that is attached hereto as Exhibit A.

12.    If a Receiving Party is served with a subpoena or a court order issued in another litigation or an investigation that compels disclosure of any Confidential Information, that Receiving Party must: (a) promptly notify in writing the Disclosing Party and provide it with a copy of the subpoena or court order; (b) promptly notify in writing the individual or entity who caused the subpoena or order to issue in the other litigation or investigation and provide it with a copy of this Order; and (c) cooperate with respect to all reasonable procedures pursued by the Disclosing Party whose Confidential Information may be affected. The Disclosing Party must notify the Receiving Party within ten (10) calendar days of receiving the notice and accompanying information if it intends to seek a protective order from the court to avoid disclosure of the Confidential Information.  For the avoidance of doubt, the Receiving Party will not be obligated to move for a protective order.

13.    Inadvertent failure to designate materials as Confidential at the time of production may be remedied by supplemental written notice by the Disclosing Party. The Disclosing Party must notify the Receiving Party immediately after discovering that it inadvertently failed to designate the information as confidential. If such notice is given, all documents, materials, or testimony so designated shall be subject to this Order as if they had been initially designated as Confidential to the extent that such documents, materials, or testimony fall within the definition of Confidential Information. Therefore, the Receiving Party should notify any non-party to whom disclosure was made about the confidentiality designation. The foregoing provision shall not apply

to any documents that have already otherwise become publicly available.

14.     When a Disclosing Party gives notice to a Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Party are those set forth in Fed. R. Civ. P. 26(b)(5)(B). Insofar as the parties are subject to an order or reach an agreement under Fed. R. Evid. 502(d) or (e), such order or agreement is incorporated by reference herein with regard to the effect of disclosure of a communication or information covered by the attorney-client privilege, work product protection, or another privilege or protection. This provision is not intended to modify whatever procedure may be established in such an order or stipulation.

15.     No party shall be obligated to challenge the propriety of a designation of Confidential Information when initially received, and a failure to do so shall not preclude a subsequent challenge thereto. If, at any time, a party objects to a designation of Confidential Information under this Order, the objecting party shall notify the Disclosing Party in writing. Within fourteen (14) calendar days of receipt of such notification, counsel for the disclosing party and the objecting party shall meet and confer in a good faith effort to resolve any disagreement regarding the Disclosing Party's designation of the Confidential Information. At such a meeting, it is up to the asserting party to substantiate that such category of information is confidential by stating with specificity why the information is confidential. If, for whatever reason, the parties do not resolve their disagreement within that time period, the parties shall submit their dispute to the Court for resolution in accordance with the procedures set forth below. The documents subject to that application will be treated as Confidential until the Court rules. Nothing in this Order shall be construed as preventing any party from objecting to the designation of any documents as Confidential or preventing any party from seeking further protection for any material it produces

in discovery.

16.    Without written permission from the Disclosing Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record in this Action any Confidential Information. However, this Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file Confidential Information in connection with a motion, brief, or other submission to the court must comply with Sec. I.A and Sec. II.G of Judge Ricardo's Individual Rules and Practices and with Sec. 4 of Judge Cronan's Individual Rules and Practices in Civil Cases for any other matters, specifically Sec. 4(B)(ii) if the marking was made by an opposing party, and satisfy the rules set forth in *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119-20 (2d Cir. 2006) and *In re General Motors LLC Ignition Switch Litig.*, 2015 WL 4750744 at *4 (SDNY 2015).

If only portions of a document contain confidential information, the party filing the document shall submit to the court a redacted copy of the same, in accordance with the Court's rules.

17.    Within thirty (30) calendar days after the final disposition of this Action, including any appeals, each Receiving Party must either return all Confidential Information to the Disclosing Party or destroy such material, including all copies, abstracts, compilations, summaries, and any other form in which the Confidential Information may have been reproduced or captured.

Whether the Confidential Information is returned or destroyed, the Receiving Party must submit a written certification to the Disclosing Party by the thirty-day deadline that (a) identifies (by category, where appropriate) all the Confidential Information that was returned or destroyed and (b) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Confidential

Information.

Notwithstanding this provision, counsel for the Receiving Party may retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Information. Any such archival copies that contain or constitute Confidential Information remain subject to this Order.

18.    Any non-party producing Confidential Information in this Action may be included in this Order by endorsing a copy of it and delivering the endorsed copy to the party that made the request for information. The Requesting Party, in turn, shall file the endorsed copy with the Court and serve it on counsel for the other parties. The parties to this Action may designate information produced by other parties or non-parties as Confidential as consistent with the terms and provisions of this Order.

In the event that additional persons or entities become parties to this Action, such parties shall not have access to Confidential Information produced by or obtained from any Disclosing Party until the newly joined parties or their counsel confirm in writing to all other parties that they have read this Order and agree to be bound by its terms.

19.    In the event that a Disclosing Party produces two or more identical copies of a document of which at least one copy is designated as Confidential and at least one copy is not so designated, once such a discrepancy is discovered, all copies of the document shall be treated with the greatest amount of protection so designated. If a Receiving Party identifies such a discrepancy, it shall promptly notify the Disclosing Party. Once the Disclosing Party identifies or becomes aware of the discrepancy, it shall promptly notify all other parties to the Action.

20.     This Order shall not prejudice in any way the rights of any party to introduce as evidence at trial any document, testimony, or other evidence subject to this Order that is otherwise admissible, or prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order. It shall also not impugn upon the right to a public trial, hearing or other court proceeding. A party that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. A party that anticipates that it intends to present at a hearing or trial Confidential Information that was designated as such by the opposing party or by a third party will provide the designating party with at least seven calendar days' notice so that the designating party may bring the issue to the Courts' and parties' attention by motion or in a pretrial memorandum, as set forth above.  The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial. In the event that Confidential  Information is used in open court during any court proceeding or filed as a trial exhibit, the material shall lose its confidential status and become part of the public record, unless the Disclosing Party applies for and obtains an order from the court specifically maintaining the confidential status of particular material. Before any court proceeding in which Confidential Information is to be used, counsel will confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Confidential Information.

21.     Nothing in this Order or any designation of confidentiality hereunder, or any failure to make such designation, shall be used or characterized by any party as an admission by a party or a party opponent.

22.     The parties agree that a designation of information as Confidential is not intended to

be and shall not be construed as an admission that the Confidential Information is relevant to a party's claims or defenses, nor subject to an applicable privilege or protection.

23.    Nothing in this Order shall be deemed an admission that any particular Confidential Information is entitled to protection under this Order, Fed. R. Civ. P. 26(c) or any other law.

24.    The treatment accorded under this Order shall survive the termination of this Action.

25.    This Order shall not prevent any party from applying to the Court for further or additional protective orders, for the modification of this Order, or from agreeing with the other parties to modify this Order, subject to the Court's approval.

Dated: May 7, 2025
      Hoboken, New Jersey

Respectfully submitted,

JOHN WILEY & SONS, INC.

_____
Kevin H. Kim
Kristy L. Grazioso (*Pro Hac Vice*)
111 River Street
Hoboken, New Jersey 07030
Phone: (201) 748-5809
Fax: (201) 748-6500
kkim@wiley.com
kgrazioso@wiley.com
*Attorneys for Defendant Mthree Corporate Consulting, Ltd.*

Dated: May 7, 2025
      New York, New York

Respectfully submitted,

CAPELL BARNETT MATALON & SCHOENFELD LLP

_____
Michelangelo Macchiarella, Esq.
Travis Tatko, Esq.
14 Penn Plaza, Suite 814

12

New York, NY 10122
Tel: 212.661.1144
Mmacchiarella@cbmslaw.com
ttatko@cbmslaw.com
*Attorneys for Plaintiff Jitendra Vekaria*

**SO ORDERED:**

Dated: May _8_, 2025
New York, NY

JUDGE HENRY J. RICARDO
UNITED STATES MAGISTRATE JUDGE

13

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

JITENDRA VEKARIA,

                Plaintiff,                Case No. 1:22-cv-03197-JPC-HJR

       v.

MTHREE CORPORATE CONSULTING,
LTD.,

                Defendant.

  ---------------------------------------------------------X

## ACKNOWLEDGMENT

I, _____, declare that:

      1.     I have received a copy of the Stipulation and Protective Order ("Protective Order") in this Action.

      2.     I have carefully read and understand the provisions of this Protective Order and I agree to abide by its terms.

      3.     I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use for purposes other than for this Action any information designated "Confidential" that I receive in this Action, except to the extent that such information designated "Confidential" " is or becomes public domain information or otherwise is not deemed "Confidential" in accordance with the Confidentiality Agreement.

      4.     I agree that at the conclusion of the litigation, I will return all confidential information to the party or attorney from whom I received it.

5.      I agree to subject myself personally to the jurisdiction of this Court for the purpose of proceedings relating to my performance under, compliance with, or violation of the Confidentiality Agreement.

6.      I understand that disclosure of information designated "Confidential" in violation of the Confidentiality Agreement may constitute contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.


_____                    _____
            Date                                                 Signature

15